UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JAN WELENC,

                  Plaintiff,

- against -

KRZYSZTOF MATYSZCZYK, ELZBIETA
BAUMGARTNER, MALGORZATA GRADZKI,
MARZENA WIERZBOWSKA, IWONA PODOLAK,
MALGORZATA CZAJKOWSKA, BOZENA
KRAJEWSKA-PIELARZ, MALGORZATA
WADOLOWSKI, LECH WOJTKOWSKI, RYSZARD
BAK, EDWARD PIERWOLA, individually and in the
capacity of the Members of the BOARD OF
DIRECTORS OF POLISH & SLAVIC FEDERAL
CREDIT UNION, BOGDAN CHMIELEWSKI,
POLISH & SLAVIC FEDERAL CREDIT UNION and
NATIONAL CREDIT UNION ADMINISTRATION,

                  Defendants.
---------------------------------------------------------------X

Civil Action No.: 1:18-cv-06087-PKC-RLM

**ANSWER**

      Defendants, KRZYSZTOF MATYSZCZYK, ELZBIETA BAUMGARTNER, MALGORZATA GRADZKI, MARZENA WIERZBOWSKA, IWONA PODOLAK, MALGORZATA CZAJKOWSKA, BOZENA KRAJEWSKA-PIELARZ, MALGORZATA WADOLOWSKI, LECH WOJTKOWSKI, RYSZARD BAK, EDWARD PIERWOLA, individually and in the capacity of the Members of the BOARD OF DIRECTORS OF POLISH & SLAVIC FEDERAL CREDIT UNION ("PSFCU"), BOGDAN CHMIELEWSKI and POLISH & SLAVIC FEDERAL CREDIT UNION (collectively, the "PSFCU Defendants"), by their attorneys, Litchfield Cavo LLP, as and for their Answer to the Complaint of Plaintiff, JAN WELENC, state as follows:

## AS TO BASIS FOR JURISDICTION

1. No response is required as it purports to state a principal of law. However, to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I of the Complaint entitled Basis for Jurisdiction.

## AS TO THE PARTIES

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section II, Subparagraph A of the Complaint entitled Plaintiff Information.

3. Admit, with respect to Section II, Subparagraph B entitled Defendant Information that Defendant PSFCU maintains its offices at 100 McGuiness Boulevard, Brooklyn, New York 11222, but otherwise deny knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Section III, Subparagraph B.

## AS TO STATEMENT OF CLAIM

4. Deny knowledge or information sufficient to form a belief as to the truth of any facts asserted in Section III of the Complaint entitled Statement of Claim but deny that those facts constitute any valid cause of action.

5. To the extent that documents attached to the Complaint are intended to be incorporated therein or constitute an addition to the document denoted as the Complaint, the PSFCU Defendants deny knowledge or information sufficient to admit or deny the contents of those ancillary documents, except to the extent that the PSFCU Defendants have already denied that any facts asserted constitute any valid cause of action which the PSFCU Defendants re-assert with respect to the attached documents.

## AS TO THE RELIEF

6. Deny each and every allegation contained in Section IV of the Complaint entitled Relief.

## AS TO PLAINTIFF'S CERTIFICATION AND WARNINGS

7. No response is required. To the extent a response is required, the PSFCU Defendants deny that Plaintiff's Complaint asserts any valid claim.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action as to which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, judicial estoppel, laches and/or unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state his claims with the specificity required for such claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If the injuries and damages were sustained by Plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the PSFCU Defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to such third parties bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any act of parties other than the PSFCU Defendants that caused the damages alleged in the Complaint was a separate, independent, superseding, intervening, culpable act.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all parties necessary and/or indispensable to the Court's jurisdiction of this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the person of the PSFCU Defendants in that service of process was improper.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the doctrine of res judicata applies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that the doctrines of collateral estoppel, claim preclusion and/or issue preclusion apply.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The PSFCU Defendants did not owe Plaintiff any of the duties alleged in this lawsuit.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The PSFCU Defendants did not breach any duty owed to the Plaintiff and the PSFCU Defendants owed no duty to Plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's action constitutes malicious and frivolous claims.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The PSFCU Defendants are free of any and all negligence and of any malicious, willful, outrageous or reckless conduct.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The PSFCU Defendants' conduct was not the proximate cause of any damages sustained by Plaintiff.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The PSFCU Defendants fulfilled all duties and obligations owed to Plaintiff, whether arising from common law, statute, contract, tort or otherwise.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by settlement and release.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

This Court lacks *in personam* jurisdiction over the persons of the PSFCU Defendants.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction of the subject matter of the action alleged in the Complaint.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by additional defenses that arise during the course of this litigation, which Defendants reserve the right to assert.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The PSFCU Defendants incorporate all applicable defenses asserted by all others who may become defendants in this action.

**WHEREFORE,** Defendants, KRZYSZTOF MATYSZCZYK, ELZBIETA BAUMGARTNER, MALGORZATA GRADZKI, MARZENA WIERZBOWSKA, IWONA PODOLAK, MALGORZATA CZAJKOWSKA, BOZENA KRAJEWSKA-PIELARZ, MALGORZATA WADOLOWSKI, LECH WOJTKOWSKI, RYSZARD BAK, EDWARD PIERWOLA, individually and in the capacity of the Members of the BOARD OF DIRECTORS OF POLISH & SLAVIC FEDERAL CREDIT UNION,

BOGDAN CHMIELEWSKI and POLISH & SLAVIC FEDERAL CREDIT UNION, respectfully request that the Court:

1. Enter judgment dismissing Plaintiff's Complaint with prejudice;

2. Award the PSFCU Defendants their costs, disbursements and attorneys' fees in this action; and

3. Award such other and further relief as to the Court may appear just and proper.

Dated: New York, New York
November 13, 2018

Yours, etc.

**LITCHFIELD CAVO LLP**

By: *[signature]* Beth A. Saydak
BETH A. SAYDAK, ESQ.
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 434-0100
*Attorneys for Defendants*
KRZYSZTOF MATYSZCZYK, ELZBIETA BAUMGARTNER, MALGORZATA GRADZKI, MARZENA WIERZBOWSKA, IWONA PODOLAK, MALGORZATA CZAJKOWSKA, BOZENA KRAJEWSKA-PIELARZ, MALGORZATA WADOLOWSKI, LECH WOJTKOWSKI, RYSZARD BAK, EDWARD PIERWOLA, *individually and in the capacity of the Members of the BOARD OF DIRECTORS OF POLISH & SLAVIC FEDERAL CREDIT UNION, BOGDAN CHMIELEWSKI and POLISH & SLAVIC FEDERAL CREDIT UNION*

To:

Jan Welenc
148 Driggs Avenue, #1R
Brooklyn, New York 11222