UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
JAN WELENC,

                       Plaintiff,

            - against -

POLISH & SLAVIC FEDERAL CREDIT
UNION; POLISH & SLAVIC FEDERAL
CREDIT UNION BOARD OF DIRECTORS:
KRZYSZTOF MATYSZCZYK; ELZBIETA
BAUMGARTNER; MALGORZATA
GRADZKI, for USD; MARZENA
WIERZBOWSKA; IWONA PODOLAK;
MALGORZATA CZAJKOWSKA;
BOZENA KRAJEWSKA-PIELARZ;
MALGORZATA WADOLOWSKI; CEO
BOGDAN CHMIELEWSKI; LECH
WOJTKOWSKI; RYSZARD BAK;
EDWARD PIERWOLA and NATIONAL
CREDIT UNION ADMINISTRATION,

                       Defendants.
----------------------------------------------------------- X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
18-CV-6087 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

On October 19, 2018, Plaintiff Jan Welenc ("Plaintiff"), proceeding *pro se*, filed the instant civil action in the United States District Court for the Southern District of New York. Plaintiff paid the filing fee to commence the action and summonses were issued from that Court. The action was transferred to this Court on October 31, 2018. Plaintiff seeks $14 million in damages. For the reasons that follow, Plaintiff's Complaint ("Compl.", Dkt. 1) is dismissed without prejudice for lack of subject matter jurisdiction, with leave to replead as set forth below.

## BACKGROUND

Plaintiff is a member of the Polish and Slavic Federal Credit Union ("PSFCU"), located at 100 McGuinness Boulevard, Brooklyn, New York, 11222. He, along with other credit union members filed a state court action against the PSFCU Board of Directors. *See Welenc v. Bd. of Dir. of PSFCU*, 160 A.D.3d 683 (N.Y. App. Div. Apr. 4, 2018), *leave denied*, 32 N.Y.3d 904 (Sept. 13, 2018).[1]

In this action, Plaintiff sues both the Board as a whole and the individual directors of the PSFCU for conduct during and after the state court litigation, such as harassment, attempts to intimidate him, and disclosure of his personal medical information. (*See* Compl. at ECF 10-13.)[2] He also alleges that PSFCU directors directed a security guard to "use[] physical strength to throw [him] out of a" credit union meeting in Clark, New Jersey on May 7, 2017, as a result of which, he sustained injuries. (*Id*. at ECF13.) Plaintiff also sues the National Credit Union Administration ("NCUA") alleging that the NCUA ignored his complaints. (*Id.* at ECF 15-16.) Plaintiff invokes the Court's federal question jurisdiction and alleges claims regarding "freedom of speech," "personal inviolability," and "the right to vote." (*Id.* at ECF 2.)

## LEGAL STANDARD

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case *sua sponte* if it determines that the action is frivolous, or that the court lacks subject matter jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants*

---

[1] In the state court action, Plaintiff and other credit union members successfully moved for an order directing the PSFCU Directors to call a special meeting.

[2] "ECF" refers to the pagination generated by the CM/ECF system, and not the document's internal pagination.

*Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."); Fed. R. Civ. P. 12(h)(3); *see, e.g., Luczaj v. Bd. of Directors of Polish & Slavic Fed. Credit Union*, No. 10-CV-4070 (BMC), 2010 WL 3767881, at *3 (E.D.N.Y. Sept. 16, 2010) (dismissing complaint against PSFCU for lack of subject matter jurisdiction).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). Complete diversity of citizenship is required to proceed under § 1332, that is, the plaintiff's citizenship must be different from the citizenship of each defendant. *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001). If the plaintiff and even one defendant is a citizen of the same State, diversity of citizenship is defeated, and the Court will lack subject matter jurisdiction over the plaintiff's complaint.

A complaint must also plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal*

3

*Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. In addition, a *pro se* complaint is "to be liberally construed*,*" *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggests," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal citations and quotations omitted).

## DISCUSSION

### I.  28 U.S.C. § 1331: No Federal Question Jurisdiction

Here, Plaintiff alleges federal question jurisdiction and invokes rights – freedom of speech and the right to vote – that are protected under the First and Fifteenth Amendments. However, Plaintiff cannot sue the PSFCU or its directors for the alleged violation of his federal constitutional rights. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). Here, Plaintiff's constitutional claims cannot proceed against the PSFCU and the individual board members as they are not government or state actors. *See Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-CV-5298 (RJD), 2012 WL 1118194, at *9 (RJD) (E.D.N.Y Mar. 30, 2012) (collecting cases) ("courts have repeatedly held that federal credit unions are not state actors.").

Although the NCUA is a federal agency, it is well-settled that the federal government, including its agencies, are entitled to sovereign immunity and can only be sued with its consent

and under whatever terms Congress may impose. *United States v. Sherwood*, 312 U.S. 584 (1941). The Federal Tort Claims Act ("FTCA") waives the government's sovereign immunity in limited circumstances by authorizing suits against the United States to recover for torts committed by federal employees in the scope of their employment, 28 U.S.C. §§ 2671 *et seq.*

Before filing an FTCA lawsuit, a plaintiff must file an administrative claim with the appropriate federal agency within "two years after such claim accrues" and his claim must "have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §§ 2401(b); 2675(a). Here, Plaintiff has not alleged that any NCUA employee committed a tort against him during the scope of their employment at NCUA and even if he had alleged such facts, he has not alleged that he filed an administrative claim as required under the FTCA. *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (failure to exhaust administrative remedies is a jurisdictional bar to FTCA claims).

To the extent Plaintiff accuses Defendants of corruption and seeks the disclosure of PSFCU's financial documents, it may be construed as a claim under the Federal Credit Union Act ("FCUA"), 12 U.S.C. § 1751. However, there is no private right of action under that Act. *See Smith v. Dearborn Fin. Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993); *Barroga-Hayes*, 2012 WL 1118194, at *6-7 (collecting cases); *Luczaj*, 2010 WL 3767881, at *1. Accordingly, this Court has no federal question jurisdiction for Plaintiff's claims under 28 U.S.C. § 1331.

## II. 28 U.S.C. § 1332: No Diversity Jurisdiction

Plaintiff has proposed no other basis for this Court's subject matter jurisdiction. Plaintiff's Complaint does not provide a basis for diversity jurisdiction under 28 U.S.C. § 1332 as Plaintiff, a New York citizen, does not state the citizenship of each Defendant named in the Complaint. (*See* Compl. at ECF 6-7 (providing only the address for PSFCU, which is located in New York State).)

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed, without prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status and in an abundance of caution, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days from the date of this Order in order to allege a basis for the Court's subject matter jurisdiction. If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-CV-6087 (PKC) (RLM). The amended complaint shall replace the original Complaint. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment dismissing this action without prejudice for lack of subject matter jurisdiction shall be entered.

Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 21, 2018
       Brooklyn, New York