# LITCHFIELD CAVO LLP
ATTORNEYS AT LAW

WRITER'S ADDRESS:
420 Lexington Avenue
Suite 2104
New York, NY 10170
D 212-818-0251
F 212-434-0105

Beth A. Saydak
Email: Saydak@LitchfieldCavo.com

January 6, 2019

*VIA ECF*

Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers N631, Courtroom 4F
Brooklyn, New York 11201

    Re:    *Jan Welenc v. Krzysztof Matyszczyk Elzbieta Baumgartner et al.*
           Civil Action No.: 1:18-cv-06087-PKC-RLM
           Our File No.: 4048-82

Dear Judge Chen:

    We represent Defendants, Krzysztof Matyszczyk, Elzbieta Baumgartner, Malgorzata Gradzki, Marzena Wierzbowska, Iwona Podolak, Malgorzata Czajkowska, Bozena Krajewska-Pielarz, Malgorzata Wadolowski, Lech Wojtkowski, Ryszard Bak, Edward Pierwola, Individually and in their capacity as the Members of the Board of Directors of Polish & Slavic Federal Credit Union, Bogdan Chmielewski and Polish & Slavic Federal Credit Union ("PSFCU") (collectively, "the Credit Union Defendants"), in the above-referenced action.

    Pursuant to Your Honor's Individual Practice and Rules 1(F) and 3(A), the Credit Union Defendants respectfully request leave, in lieu of Answer to Plaintiff's Amended Complaint, to file a motion to dismiss, pursuant to Fed. R. Civ. P. 12, based on this Court's lack of subject matter jurisdiction and for an extension of time to serve their Answer pending adjudication of the Credit Union Defendants' motion to dismiss.

    This action was originally commenced by Plaintiff *pro se*, Jan Welenc, in the United Stated District Court for the Southern District of New York on October 19, 2018. Plaintiff's action was subsequently transferred to this Court. In his original Complaint, Plaintiff relied on this Court's federal question jurisdiction alleging violations of "freedom of speech", "personal inviolability" and 'the right to vote." The Credit Union Defendants appeared in this action by service of an Answer on November 13, 2018. By Memorandum and Order, dated November 21, 2018, this Court, pursuant to Fed. R. Civ. P. 12(h)(3),

Atlanta | Boston area | Chicago | Dallas-Fort Worth | Fort Lauderdale | Hartford area | Houston | Indiana
Las Vegas | Los Angeles area | Louisiana | Milwaukee | New Jersey | New York | Philadelphia | Phoenix
Pittsburgh | Providence | Salt Lake City | St. Louis | Tampa | West Virginia

www.LitchfieldCavo.com

**LITCHFIELD**
Attorneys at Law **CAVO** LLP

January 6, 2019
Page 2

dismissed Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction. This Court found that it had neither federal question jurisdiction under 28 U.S.C. 1331 nor diversity jurisdiction under 28 U.S.C. 1332. However, in light of Plaintiff's *pro se* status and in an abundance of caution, this Court granted Plaintiff leave to file an Amended Complaint within thirty days from the date of the Order.

Plaintiff purports to have served his Amended Complaint by mail on December 20, 2018 which was received by the Credit Union Defendants on December 26, 2018 and by ECF service on December 28, 2018. In his Amended Complaint, in an apparent attempt to create diversity jurisdiction and without stating any specific basis for this Court's subject matter jurisdiction, Plaintiff requests that this Court change his permanent address to an address in Poland and leave his Brooklyn address for correspondence purposes only. Plaintiff attaches certain documents, in English and Polish, that he apparently offers to demonstrate that this Court has diversity jurisdiction over his action because he is not a New York citizen, but rather a citizen of Poland.

The Credit Union Defendants respectfully submit that this Court should dismiss Plaintiff's Amended Complaint with prejudice as this Court still has no subject matter jurisdiction or diversity jurisdiction over Plaintiff's action.

Any attempt by Plaintiff to create diversity jurisdiction should be rejected for a number of reasons. First, diversity of citizenship must exist at the time the action is commenced. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830, 109 S. Ct. 2218, 2221, 104 L.Ed.2d 893 (1989). Here, at the time he filed his original Complaint, Plaintiff certified that he was a citizen of New York. In its Memorandum and Order, this Court correspondingly found that Plaintiff was a citizen of New York and that other than providing only the address for PSFCU which is located in New York State, Plaintiff had failed to state the citizenship of each of the defendants named in its original Complaint. In his Amended Complaint, Plaintiff still provides no additional information as to the citizenship of any of the defendants named in the Amended Complaint. Given that Plaintiff continues to state no basis for diversity jurisdiction, his Amended Complaint should be dismissed with prejudice.

Second, to the extent that Plaintiff purports to demonstrate that he is a citizen of Poland, this still does not establish diversity jurisdiction. Under Section 1332(a), diversity jurisdiction exists over civil actions between (1) "citizens of different States" and (2) between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C 1332(a)(1)(2). A person cannot be a "citizen" of a state unless he/she is also a citizen of the United States. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1999). Where a party has dual citizenship, in diversity jurisdiction cases, only American citizenship will determine diversity. *Action S.A. v. Marc Rich & Co., Inc.,* 851 F.2d 504, 508 (2d Cir. 1991); *see also Coury v. Prot,* 85 F.3d 244, 247 (5th Cir. 1996). Moreover, where a United States citizen is domiciled abroad, he is considered neither a citizen of any state within the United States, nor a citizen or subject of a foreign state. *See Herrick Co., Inc. v. SCS Communications, Inc.* 251 F.3d 315, 322 (2d Cir. 2001). Accordingly, where a United States citizen is domiciled abroad at the time an action is commenced, 28 U.S.C 1332(a) does not provide the court with jurisdiction over the suit. *See*

**LITCHFIELD CAVO** LLP
Attorneys at Law

January 6, 2019
Page 3

*id.* "[Diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties. *Coury*, 85 F.3d at 250. In his supporting documents, Plaintiff attaches his United States passport information which appears to indicate his United States citizenships. Therefore, to the extent that as a United States citizen, Plaintiff now purports to also domicile in Poland at the time of the filing of his Amended Complaint, Plaintiff is simply not entitled to diversity jurisdiction pursuant to authorities cited above. *See also Fuerst v. Fuerst*, 832 F.Supp.2d 210 (E.D.N.Y. 2011)(when husband was a United States citizen domiciled in Germany and regardless of whether the wife was an American citizen, German citizen or dual citizen, diversity jurisdiction was improper at the time of the commencement of the federal action); *Lemos v. Pateras*, 5 F.Supp.2d 164 (S.D.N.Y. 1998)(because plaintiff, who was a dual citizen of Greece and the United States, was not domiciled in the United States, she was a citizen of no state for the purposes of diversity jurisdiction).

The Credit Union Defendants thus seek permission to file a motion to dismiss based on lack of this Court's subject matter jurisdiction and a corresponding extension of time to file their Answer pending resolution of the motion to dismiss.

Respectfully submitted,

LITCHFIELD CAVO LLP

*[signature]*

BETH A SAYDAK

BAS:nd

cc:

**By U.S. First Class Mail Only**
Jan Welenc
148 Driggs Avenue, #1R
Brooklyn, New York 11222